**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : Docket No. 0313 2:20-CR-00317-001 |
| v. | : |
| THOMAS HARRIS, JR. | : Attorney I.D. No. 52595 |

<u>**SENTENCING MEMORANDUM**</u>

**I.   <u>BIOGRAPHICAL INFORMATION</u>**

Thomas Harris, Jr. is twenty-nine (29) years of age, having been born on January 17, 1993 to the non-marital relationship of Thomas Harris, Sr. and Suzette Lewis. Thomas Harris, Jr. was born in Vieux Fort, St. Lucia. It is believed Mr. Harris, Jr.'s status in the United States is that of a permanent resident and not an American citizen.

Mr. Harris, Jr.'s formative years were spent in St. Lucia where he completed his elementary and secondary education. In 2010, he moved to the United States of America in order to further his education. In 2012, he received an Associates Degree in computer networking from Rockland Community College in Suffern, New York. Prior to the Covid-19 pandemic, Thomas Harris, Jr. was gainfully employed as an analyst for Hill International, Inc. in Philadelphia. Mr. Harris, Jr. always maintained legitimate employment, having also worked for Price Waterhouse Coopers, LLP; Thomas Jefferson University Hospital; and Walgreens.

Thomas Harris, Jr. has never been married, nor does he have children. However, he has been in a longstanding romantic relationship with his significant other, Ms. Emily Velasquez. Ms. Velasquez remains devoted to Mr. Harris, Jr. and longs for the day when

1

the couple may be properly reunited.

II. **CRIMINAL HISTORY**

Mr. Harris, Jr.'s criminal history is not significant. His prior adverse contact with law enforcement consists of two (2) separate convictions in the Bucks County Court of Common Pleas for the third-degree misdemeanor offense of Disorderly Conduct and a conviction for a first-time offense of Driving Under the Influence of Alcohol or a Controlled Substance, for which he received the applicable minimum mandatory sentence of seventy-two (72) hours of incarceration. It should be noted that these three (3) prior convictions, which occurred in 2014, 2015, and 2016, all resulted with Mr. Harris, Jr. accepting responsibility for his conduct by entering pleas of guilty.

III. **PROCEDURAL HISTORY**

Mr. Harris, Jr. was arrested on July 25, 2020 and has remained in federal custody since that time. Shortly thereafter, on September 22, 2020, he was indicted by a grand jury in the Eastern District of Pennsylvania and charged with the following:

1. Making False Statements to a Federal Firearms Licensee, in violation of 18 U.S.C. § 924(a)(1)(A) – Counts 1 through 12 of the Indictment;

2. Dealing in Firearms without a License, in violation of 18 U.S.C. § 922(a)(1)(A) – Count 13 of the Indictment;

3. Delivery of Firearms to a Common Carrier Without Written Notice, in violation of 18 U.S.C. § 922(e) and § 924(a)(1)(D) – Count 14; and

2

    4.       Smuggling Goods from the United States, in violation of 18 U.S.C. § 554 – Count 15.

On November 2, 2021, Mr. Harris, Jr. appeared before this Honorable Court and entered a plea of guilty to Counts 1 through 15 of the Indictment. This plea of guilty was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The specific sentence recommended by the United States is forty-six (46) months of imprisonment.

## IV. THE PRESENTENCE REPORT

On Monday, February 14, 2022, counsel herein, via video, reviewed the twenty-three (23) page Presentence Report with Thomas Harris, Jr. The report was reviewed in its entirety, page by page. Prior to counsel reviewing the report with Mr. Harris, Jr., Mr. Harris, Jr. had the opportunity to previously review the report on his own. At the conclusion of reviewing the presentence report, neither Mr. Harris, Jr. nor counsel herein had any corrections and/or objections to it. Accordingly, it is respectfully requested this Honorable Court adopt and approve the report.

## V. THE APPROPRIATE SENTENCE

The United State Court of Appeals for the Third Circuit has outlined the process by which a sentencing hearing must be conducted in order to comply with United States v. Booker, 543 U.S.C. § 220 (2005):

    A.       The Sentencing Court must calculate the applicable sentencing guidelines;

    B.       The Sentencing Court must rule on any motions and then state how said

    motions may affect the applicable guideline range; and

  C.  The Sentencing Court is to consider the factors outlined in 18 U.S.C. § 3553(a).

A District Court is no longer bound by the recommended guideline range, but must impose a sentence based on all the factors articulated in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220 (2005), United States v. Grier, 475 F.3d 556, 561 (3d. Cir. 2007).

When imposing a sentence, a Court must give "rational and meaningful consideration of the factors enumerated in 18 U.S.C. §3553(a) and make a "individualized assessment based on the facts presented." United States v. Tomko, 562 F.3d 558 (3d Cir. 2009). It is well settled under §3553(a), "the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing. Those purposes are "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §3553(a)(2). In determining that sentence, this Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. §3553(a)(1), "the kinds of sentences available," §3553(a)(3), the guidelines and guideline range, §3553(a)(4), the guidelines' policy statements, §3553(a)(5), "the need to avoid unwarranted sentence disparities among defendants with similar records who have

been found guilty of similar conduct," §3553(a)(6), and "the need to provide restitution to any victims of the offense," §3553(a)(7).

After taking into consideration "grouping" pursuant to USSG § 3D1.3(a) and acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b), Mr. Harris, Jr.'s total offense level is twenty-three (23), and his prior record score is a II. Accordingly, the recommended guideline range of imprisonment is fifty-one (51) months to sixty-three (63) months. It is respectfully suggested the recommended sentence of forty-six (46) months of incarceration, against the backdrop of the sentencing guidelines, is per se "reasonable".

Thomas Harris, Jr. has, in many ways, led a productive and law-abiding life. He came to the United States in order to better himself, and he accomplished his goal, in part, by remaining gainfully employed and furthering his education. He has proven to be a productive member of society and clearly possesses certain positive attributes which causes his significant other, Emily Velasquez, a hardworking, decent, and law-abiding young woman, to remain loyal to him. Although Mr. Harris, Jr. has previously been convicted for offenses which involve the possession of a small amount of marijuana, as well as the abuse of alcohol, it does not appear as if he has any serious or significant substance abuse issues. To the contrary, Mr. Harris, Jr. was amenable to treatment and court supervision by successfully meeting all the terms and conditions of his Bucks County Court of Common Pleas sentences. There is no indication Mr. Harris, Jr. suffers from any emotional and/or mental health issues.

It would be disingenuous to in any way argue Mr. Harris, Jr.'s crimes are not very

5

serious in nature. Although he was not precluded by law to purchase firearms, the surreptitious shipment of them overseas is egregious. Mr. Harris, Jr. broke the law of both his home country and his adopted country. However, there is absolutely no indication Thomas Harris, Jr. is part of any international gun smuggling cartel or gang. Furthermore, there does not appear to be any evidence Mr. Harris, Jr. was shipping the firearms to St. Lucia in furtherance of any criminal activity in that country. Mr. Harris, Jr.'s interest in committing these crimes is pecuniary in nature. The firearms in question were illegally shipped to friends of Mr. Harris, Jr.'s in St. Lucia. Evidently, these firearms could be resold for a substantial profit. It remains uncontroverted Mr. Harris, Jr. had no idea to whom the firearms would ultimately be sold and, therefore, their ultimate use remains unknown. In large part, this is the most offensive aspect of Mr. Harris, Jr.'s conduct. To date, counsel herein has not been advised these firearms have been traced to any crime of violence in St. Lucia.

After serving his jail sentence in the United States, Thomas Harris, Jr. will almost certainly be deported to St. Lucia and will forever be precluded from returning to the United States of America. He has been well aware of this fact from the date of his arrest, July 25, 2020. Thomas Harris, Jr.'s greed has resulted in a substantial deprivation of his freedom and the inability to ever return to the United States. This conviction and the consequences which will accompany it most certainly will deter others from engaging in similar conduct, and will most assuredly protect the public from further crimes of Thomas Harris, Jr.

Mr. Harris, Jr. is articulate, intelligent, well educated, and easily employable.

Candidly, he is not in need of educational or vocational training. It should be noted while incarcerated at FDC – Philadelphia, Mr. Harris, Jr. has participated in forty-nine (49) hours of educational instruction.

**VI.     CONCLUSION**

For all of the above-stated reasons, it is respectfully requested this Honorable Court adopt and approve the recommended sentence of forty-six (46) months' imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Respectfully Submitted,

Louis R. Busico, Esquire
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Docket No. 0313 2:20-CR-00317-001 |
| v. | : |
| THOMAS HARRIS, JR. | : Attorney I.D. No. 52595 |

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Louis R. Busico, Esquire

Signature: *[signed] Louis R. Busico*

Name: Louis R. Busico, Esquire

Attorney No. (if applicable): 52595

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : Docket No. 0313 2:20-CR-00317-001 |
| v. | : |
| THOMAS HARRIS, JR. | : Attorney I.D. No. 52595 |

**CERTIFICATE OF SERVICE**

I, Louis R. Busico, hereby state that a true and correct copy of the Sentencing Memorandum was sent to the parties below on **Monday, February 21, 2022** via ECF and email to:

lenora_kashner_wittje@paed.uscourts.gov
Honorable Paul S. Diamond, U.S.D.J.
U.S.D.C. for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

joseph.labar@usdoj.gov
Joseph A. Labar, Esquire
Assistant United States Attorney
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106

talia_santella@paep.uscourts.gov
United States Probation Officer
600 Arch Street, Suite 2400
Philadelphia, PA  19106

Louis R. Busico, Esquire
*Attorney for Defendant*

9