# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 20-317 |
| **THOMA HARRIS, JR.** | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

**I.      BACKGROUND**

The defendant, Thomas Harris Jr., pled guilty to Counts 1 through 15 of the Indictment charging him with making false statements to a federal firearm licensee, in violation of 18 U.S.C. § 924(a)(1)(A) (Counts 1 through 12); dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) (Count 13); delivery of firearms to a common carrier without written notice, in violation of 18 U.S.C. § 922(e) (Count 14); and smuggling goods from the United States (Count 15), in violation of 18 U.S.C. § 554; and agreed not to contest forfeiture as set forth in the notices of forfeiture charging criminal forfeiture under 21 U.S.C. § 853(p), all arising from a scheme during which the defendant unlawfully purchased firearms from federally licensed firearms dealers in the United States. The defendant then illegally trafficked, and attempted to traffic, guns to St. Lucia, a sovereign island nation in the West Indies, accepting money in return for the firearms. He did not have a license to deal in firearms, as required by law, and he did not have a license to export firearms, as required by law. When he attempted to send a shipment of firearms to St. Lucia through a common carrier, he failed to provide the carrier with written notice that there were guns in the shipment, as required by law. He appears before the Court to be sentenced.

Harris entered his guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and the parties agreed that a sentence of 46 months in prison should be imposed. The government stands by that agreement, and asks that the Court impose such a sentence, along with a three-year period of supervised release, a $1500 special assessment, and a fine, if any, as determined by the Court.

## II.     THE SENTENCING CALCULATION

### A.     Statutory Maximum Sentence:

The Court may impose the following statutory maximum sentences: on each of Counts 1 through 12 (making false statements to a federal firearm licensee), 5 years' imprisonment, a 3-year period of supervised release, a $250,000 fine, and a $100 special assessment; on Count 13 (dealing in firearms without a license), 5 years' imprisonment, a 3-year period of supervised release, a $250,000 fine, and a $100 special assessment; on Count 14 (delivery of firearms to a common carrier without written notice), 5 years' imprisonment, a 3-year period of supervised release, a $250,000 fine, and a $100 special assessment; and on Count 15 (smuggling goods from the United States) 10 years' imprisonment, a 3-year period of supervised release, a $250,000 fine, and a $100 special assessment.

Total Maximum Sentence is: 80 years' imprisonment, three years' supervised release, a $3,750,000 fine, and a $1,500 special assessment.

### B.     Sentencing Guidelines Calculation.

The government agrees with the calculations presented in the PSR; that is, that the defendant is properly assigned to Criminal History Category II, and that his offense level is properly set at 23.   This yields a guideline range of 51-63 months.   PSR ¶ 86, p.20. Pursuant to its agreement the government recommends a sentence slightly below that range, that is, a sentence 46 months in prison, along with a three year period of supervised release, a $1500 special assessment, and a fine, if any, as determined by the Court.

      C.    <u>The 18 U.S.C. § 3553(a) factors:</u>

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence in this case is that agreed to by the parties. The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." <u>Gall v. United States</u>, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses. The guidelines are not mandatory, however, and they do not end the Court's analysis.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[1]

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" <u>United States v. Dragon</u>, 471 F.3d 501, 506 (3d Cir. 2006) (quoting <u>United States v. Navedo-Concepcion</u>, 450 F.3d 54, 58 (1st Cir. 2006)).

Consideration of the 3553(a) Factors.

(1) the nature and circumstances of the offense and the history and characteristics of the defendant:

The defendant's violation of law was serious. By his actions he circumvented the procedures mandated by law that protect the public from the unfettered flow of firearms into the criminal underworld. He also sidestepped the laws that regulate and protect foreign commerce.

However, Harris's criminal history is minimal; he has a pair of sanctions for disorderly conduct arising from public consumption of marijuana, and a single conviction for driving under the influence of alcohol. He served 72 hours in custody in the latter case, and successfully completed probationary terms in all three matters. PSR¶ ¶ 43-45, pp. 13-14. The agreed upon sentence takes these competing factors into account.

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:

The agreed upon sentence does not diminish the seriousness of Harris's offense. Harris has never been to prison, having previously served just 72 hours in custody. PSR¶ 45, p.14. He will now spend almost four years in a federal prison, and will be supervised by a federal probation officer for an additional three years upon his release. He will also face possible deportation.

(3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant:

As noted above, Harris has never served a true prison sentence, and will now serve almost four years in a federal institution and be supervised for three years after that, his minimal record notwithstanding. He will be individually deterred from future crime and his sentence will convey a deterrent message to others contemplating similar illegal acts.

(4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner:

The defendant does not report drug, alcohol, or mental health issues requiring treatment. PSR ¶¶ 67,68, p.18. He holds an associate's degree in computer networking, and reportedly has no difficulty finding lawful employment. The recommended sentence will not interfere with his ability to further educate himself should he wish to do so, either in prison or while on supervised release. He has already completed 49 hours of additional schooling while in custody at FDC Philadelphia. PSR¶¶ 72,73, p.18.

(5) The guidelines and policy statements issued by the Sentencing Commission:

The guidelines contemplate that, in specific cases, the parties may reach agreements under Rule 11(c) that fall outside the otherwise applicable guideline range.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct:

In light of the fact that the recommended sentence falls just five months below the bottom of the guideline range as calculated in the PSR, the government believes there is no danger of unwarranted discrepancies.

(7) the need to provide restitution to any victims of the offense:

There is no restitution in this case.

## IV. CONCLUSION

In light of the above, the government recommends that the Court accept the agreement of the parties and impose a sentence of 46 months in prison, followed by a three-year period of supervised release, a $1500 special assessment, and a fine, if any, to be determined by the Court.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
*United States Attorney*


s/Joseph A. LaBar
JOSEPH A. LaBAR
*Assistant United States Attorney*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Government's Sentencing Memorandum has been served this date via ECF to the following defense counsel:

> Louis R. Busico, Esq.
> Law Office of Louis R. Busico
> 133 N. State Street
> Newtown, PA   18940
> buckstriallawyers@busicolaw.com

s/ Joseph A. LaBar
JOSEPH A. LaBAR

Date: 2/22/22