IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 20-317 |
| | : | |
| THOMAS HARRIS, JR. | : | |

**O R D E R**

**AND NOW**, this 1st day of March, 2022, upon consideration of the Government's Motion for Judgment and Preliminary Order of Forfeiture (Doc. No. 38), it is hereby **ORDERED** that the Government's Motion (Doc. No. 38) is **GRANTED as follows**:

1. As a result of the defendant's guilty plea to making false statements to a federal firearm licensee, in violation of 18 U.S.C. § 924(a)(1)(A) (Counts One through Twelve); dealing in firearms without a licensee, in violation of 18 U.S.C. §§ 922(a)(1)(A), and 924(a)(1)(D) (Count Thirteen); delivery of firearms to a common carrier without written notice, in violation of 18 U.S.C. §§ 922(e), and 924(a)(1)(D) (Count Fourteen); and smuggling goods from the United States, in violation of 18 U.S.C. § 554 (Count Fifteen), the defendant hereby forfeits to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all right, title and interest in any firearms and ammunition involved in or used in any knowing violation of 18 U.S.C. §§ 922(a)(1)(A), 922(e), and 924(a)(1)(A) (Counts One through Fourteen); and/or pursuant to 22 U.S.C. § 401 and 28 U.S.C. § 2461(c), to criminally forfeit his interest in all arms or munitions of war in violation of 18 U.S.C. § 554 (Count Fifteen).

2. The Court has determined, based on the facts set forth at the change of plea hearing, those set forth in the Guilty Plea Agreement, and those set forth in the record as a

whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Count One through Fifteen of the Indictment and that the government has established the requisite nexus between such property and such offenses:

a. One (1) Glock, Model 27, .40 caliber pistol, bearing serial number YND994;

b. One (1) Springfield Armory, Model XDS, 9mm pistol, bearing serial number S3745760;

c. One (1) Smith & Wesson, Model SW40VE, .40 caliber pistol, bearing serial number RBA0677;

d. One (1) Glock, Model 30S, .45 caliber pistol, bearing serial number WUS814;

e. One (1) Taurus, Model Curve, .380 caliber pistol, bearing serial number 1D128674;

f. One (1) American Tactical Imports, Model Omni Hybrid, .300 caliber pistol, bearing serial number NS208529;

g. One (1) CAI/Cugir, Model Mini Draco, 762x39 mm pistol, bearing serial number PE-5193-2018;

h. One (1) CAI Nova group SRI, Model NAK-9, 9mm pistol, bearing serial number RONVMB71814340;

i. One (1) American Tactical Imports, Model Omni Hybrid, 5.56 x 45mm pistol, bearing serial number NS211127;

j. One (1) Rock River Anderson Arms, Model AR-15, 5.56 x 45mm rifle,

    bearing serial number KT1181893;

k. One (1) American Tactical Imports, Model Omni Hybrid, 5.56 x 45mm pistol, bearing serial number NS207198;

l. One (1) American Tactical Imports, Model Omni Hybrid, 5.56 x 45mm pistol, bearing serial number NS210645;

m. One (1) Delton 316, Model OR MLOK, 5.56 x 45mm rifle, bearing serial number S184732;

n. One (1) Taurus, Model G2C, 9mm pistol, bearing serial number TLW16571;

o. One (1) Taurus, Model G2C, 9mm pistol, bearing serial number TLX46856;

p. One (1) Beretta, Model APX, 9mm pistol, bearing serial number A045151X;

q. One (1) Smith & Wesson, Model Shield, .40 caliber pistol, bearing serial number DXE3551;

r. One (1) Beretta, Model APX, 9mm pistol, bearing serial number A006329X;

s. One (1) Taurus, Model G2C, 9mm pistol, bearing serial number TLW11624;

t. One (1) Ruger, Model EC9S, 9mm pistol, bearing serial number 456-49505;

u. One (1) Glock, Model 27, .40 caliber pistol, bearing serial number UDE406;

v. One (1) Glock, Model 23, .40 caliber pistol, bearing serial number KCD699;

w. One (1) Taurus, Model G3, 9mm pistol, bearing serial number TMW76396;

x. One (1) Beretta, Model 96D Centurion, .40 caliber pistol, bearing serial

number BERO48927;

y. One (1) Glock, Model 43, 9mm pistol, bearing serial number ZNE238;

z. One (1) Glock, Model 26, 9mm pistol, bearing serial number XKT071;

aa. One (1) Glock, Model 19, 9mm pistol, bearing serial number BKZX677;

bb. One (1) Delton, Model DTI 15, 5.56 x 45mm pistol lower receiver, bearing serial number DTI-S215372;

cc. One (1) American Tactical Imports, Model Omni, 5.56 x 45mm pistol lower receiver, bearing serial number NS250537;

dd. One (1) Glock, Model 23, .40 caliber pistol, bearing serial number SMR659;

ee. One (1) Glock, Model 27, .40 caliber pistol, bearing serial number DDZ784US;

ff. One (1) Ruger, Model SR9C, 9mm pistol, bearing serial number 333-33598;

gg. One (1) Glock, Model 27, .40 caliber pistol, bearing serial number BUL376US;

hh. One (1) Glock, Model 23, .40 caliber pistol, bearing serial number XKG955;

ii. One (1) CAI/Cugir, Model Mini Draco, 762x39mm pistol, bearing serial number PE-1169-2019 RO;

jj. One (1) CAI/Cugir, Model Mini Draco, 762x39 pistol, bearing serial number DF-2128-19;

kk. One (1) Century Arms, Model RAS47 rifle, bearing serial number

        RAS47102000;

ll. One (1) Century Arms, Model RAS47 rifle, bearing serial number RAS47102002;

mm. Two (2) AR-15 upper receivers

nn. 760 rounds of ammunition

oo. 17 ammunition magazines; and

pp. One (1) Glock, Model 30S, .45 caliber pistol, bearing serial number WUS814;

as the (a) firearms and ammunition involved in or used in any knowing violation of 18 U.S.C. §§ 922(a)(1)(A), 922(e), and 924(a)(1)(A) (Counts One through Fourteen); and/or (b) arms or munitions of war in violation of 18 U.S.C. § 554 (Count Fifteen) (hereinafter referred to as the "Subject Property").

3. The defendant's interest in the Subject Property, that was involved in or used in any knowing violation of 18 U.S.C. §§ 922(a)(1)(A), 922(e), and 924(a)(1)(A) (Counts One through Fourteen); and/or arms or munitions of war in violation of 18 U.S.C. § 554 (Count Fifteen), to which the defendant admitted guilt, is forfeited to the United States.

4. Upon the entry of this Order, the United States is authorized to seize the Subject Property, described at paragraph 2 above, and to dispose of the Subject Property in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. The Attorney General, or a designee, pursuant to Fed. R. of Crim. P. 32.2(b)(3), is authorized to conduct any discovery necessary to identify, locate, or dispose of property subject to this Order.

6. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Case 2:20-cr-00317-PD Document 38 Filed 02/18/22 Page 11 of 13 5 Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

7. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

8. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

9. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to

adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

10. Pursuant to Fed. R. Crim. P. 32.2(b)(4) the Preliminary Order of Forfeiture shall be made final, as to the defendant, prior tohis sentencing and shall be made part of the sentence Case 2:20-cr-00317-PD Document 38 Filed 02/18/22 Page 12 of 13 6 and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in the sentence and in the judgment).

11. Following the disposition of any petition filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

12. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

13. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e). 14.

14. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and to counsel for the parties.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
Paul S. Diamond, J.